UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MOURICE NEAL, #367513,

        Plaintiff,

v.                                   CASE NO. 10-14168
                                   HONORABLE NANCY G. EDMUNDS
M. SZAPPAN, D. BELTZ, M. KOHLOFF,   MAGISTRATE JUDGE PAUL J. KOMIVES
STEVE RIVARD, JOHN DOE(S), and
JANE DOE(s),

        Defendants.
_____/

## **ORDER OF DISMISSAL**

### I. Introduction

This matter is pending before the Court on plaintiff Mourice Neal's *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at Pugsley Correctional Facility in Kingsley, Michigan. The defendants are employed by the Michigan Department of Corrections as follows: M. Szappan is a hearing officer; D. Beltz is an accounting technician; M. Kohloff is a financial manager; and Steve Rivard is the warden at St. Louis Correctional Facility in St. Louis, Michigan where the events in question occurred. Plaintiff has named additional defendants, but he identified them simply as John Doe(s) and Jane Doe(s). He sues all the defendants in their individual and official capacities for ten million dollars in damages.

The complaint and exhibits indicate that, on February 2, 2009, Plaintiff was charged with assaulting another prisoner and possessing a weapon. The charges arose from allegations that Plaintiff hit the other prisoner with a lock in a sock. The victim sustained

injuries to his head.

Following a misconduct hearing on February 11, 2009, hearing officer M. Szappan found Plaintiff guilty, as charged, and penalized Plaintiff with sixty days in detention and $1,350.00 in restitution for the victim's medical costs. Plaintiff denied any involvement in the incident and alleged in a grievance addressed to prison officials that he was wrongfully charged for the victim's medical costs. Defendants D. Beltz and M. Kohloff responded to the grievance at Step I of the grievance proceedings and claimed that they had relied on a report of the misconduct hearing, which was received in the business office. Defendant Rivard denied the grievance at Step II after concluding that proper procedures were followed and that Plaintiff's allegations were unfounded.

Plaintiff sought judicial review of the misconduct decision in Wayne County Circuit Court. However, on September 16, 2009, a Wayne County circuit judge dismissed the petition for judicial review because, in the court's opinion, the hearing officer's decision was supported by competent, material, and substantial evidence.

Plaintiff filed his civil rights complaint in this Court on October 19, 2010. He alleges that the deduction of money from his prison account constitutes embezzlement, a misappropriation of state funds, and a violation of the Michigan Constitution.

## II. STANDARD OF REVIEW

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and

2

1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*, 550 U.S. at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

### III. DISCUSSION

Plaintiff challenges the deduction of money from his prison account on the grounds that prison officials are embezzling his money, misappropriating state funds, and violating the Michigan Constitution. Plaintiff claims that there was no court order authorizing restitution and that defendant Szappan erred by ordering restitution several days after the prison misconduct hearing instead of during the hearing.

The alleged violations of state law fail to state a claim for relief under § 1983 because

"[s]ection 1983 . . . authorizes courts to redress violations of 'rights,

3

> privileges, or immunities secured by the Constitution and [federal] laws' that occur under color of state law. 'The statute is thus limited to deprivations of federal statutory and constitutional rights. It does not cover official conduct that allegedly violates state law.' " *Neinast v. Bd. of Trs. of the Columbus Metro. Library*, 346 F.3d 585, 597 (6th Cir. 2003) (quoting *Huron Valley Hosp.* [*Inc. v. Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989)].

*Michael v. Ghee*, 498 F.3d 372, 375 (6th Cir. 2007), *cert. denied*, 553 U.S. 1005, 128 S. Ct. 2067, 170 L. Ed. 2d 795 (2008).

### A. Due Process

Even if the Court were to construe the complaint to allege a violation of the constitutional right to due process, the allegation lacks merit. Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). Restitution in the amount of $1,350.00 for prison misconduct may be an atypical and a significant hardship on Plaintiff in relation to the ordinary incidents of prison life, but "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.*, 515 U.S. at 485, 115 S. Ct. at 2301.

Even if the restitution order gave rise to a liberty or property interest protected by the Due Process Clause, no due process violation occurred here. A prisoner's right to due process in prison disciplinary proceedings includes the right to: (1) written notice of charges at least twenty-four hours before the disciplinary hearing; (2) a written statement of the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity

4

to call witnesses and present documentary evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S. Ct. 2963, 2978-79, 41 L. Ed. 2d 935 (1974). In addition, there must be "some evidence" supporting the hearing officer's decision. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985).

The victim in this case identified Plaintiff as one of four inmates who attacked him. Although Plaintiff denied any involvement in the incident, defendant Szappan found the victim's version of the facts to be credible. This Court is not required to make an independent assessment of the credibility of witnesses. *Hill*, 472 U.S. at 455, 105 S. Ct. at 2774. Instead, the relevant question is whether there is any evidence in the record supporting the disciplinary committee's conclusion. *Id.*, 472 U.S. at 455-56, 105 S. Ct. at 2774.

Here, there is evidence supporting defendant Szappan's conclusion that the victim was credible: the victim was unequivocal in his statement; he likely wanted the correct assailant charged out of concern for his own safety; and he did not name Plaintiff as his assailant until after confidential information confirmed Plaintiff's involvement in the incident. The Court concludes that the victim's identification of Plaintiff was sufficient to support defendant Szappan's findings and conclusions.

Furthermore, Plaintiff was afforded written notice of the charges, a misconduct hearing at which he could have presented witnesses and documentary evidence, and a copy of defendant Szappan's hearing report with a summary of the evidence relied on and the reasons for Szappan's recommendation. Plaintiff also pursued administrative remedies through the prison grievance system and judicial review of the matter in state court. The Court therefore finds that Plaintiff's right to due process was not violated.

The Court also finds that hearing officer M. Szappan enjoys immunity from a suit for money damages. *Barber v. Overton*, 496 F.3d 449, 452-53 (6th Cir. 2007); *Shelly v. Johnson*, 849 F.2d 228, 229-30 (6th Cir. 1988). The other named defendants were merely following orders or became involved in the matter when Plaintiff filed a grievance. The fact that defendants Beltz, Kohloff, and Rivard responded to Plaintiff's grievance and denied relief is not a basis for relief in a prisoner civil rights complaint. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).

### B. Taking of Property

Plaintiff implies that the deduction of money from his account amounts to a wrongful taking of his property and that prison officials should have acquired a court order before deducting the money. However, "debiting of funds from [a prisoner's] account in satisfaction of a properly imposed restitution order does not amount to a taking or other wrongful interference with a property interest." *Barber v. Wall*, 66 Fed. Appx. 215, 216 (1st Cir. 2003) (citing *Splude v. Apfel*, 165 F.3d 85, 91 (1st Cir. 1999)). And although there was no court order authorizing restitution,

> [i]t is truly too much to require correctional officials to seek a criminal restitution order or a civil tort judgment before they may restrict an inmate's use of his commissary account until he makes good the damage he has caused . . . . Such a requirement would delay implementation of, and hence, impair the efficacy of prison disciplinary measures. It would significantly increase the cost of prison administration and unduly burden courts with litigation which is essentially administrative in nature.

*Campbell v. Miller*, 787 F.2d 217, 224 (7th Cir. 1986) (footnote omitted).

### IV. Conclusion

The Court concludes for the foregoing reasons that Plaintiff's claims are frivolous and fail to state a claim for which relief may be granted. Plaintiff also seeks money

6

damages from a defendant who is immune from such relief. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff may not proceed without prepayment of the appellate fees and costs if he appeals this decision because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager